JOHN W. SUND, SR., ADMINISTRATOR, APPELLANT, V. SMISEK & HRDLICKA ET AL., APPELLEES.

FILED FEBRUARY 2, 1921. No. 20978.

1. Negligence: DIRECTION OF VERDICT. A boy of 9 years, in coasting on a hill in an alley that intersected a public street, collided with the rear wheel of defendant's passing automobile and from the resulting injuries to his person he died the following day. At the close of plaintiff's evidence in chief the court instructed the jury to return a verdict for defendant. *Held,* that the father, as administrator of the estate of the decedent, cannot predicate error on the court's ruling, in view of the fact that negligence on the part of defendant was not shown.

2. ———: CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. The question of contributory or comparative negligence cannot properly be sub-

mitted to the jury unless there is evidence to support the charge that defendant has been guilty of negligence.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*James C. Kinsler* and *Myers & Mecham,* for appellant.

*William R. Patrick, contra.*

DEAN, J.

John W. Sund, Sr., as administrator of his minor son's estate, sued to recover from defendant $10,000 damages for the death of his son Johnnie, aged 9 years, that resulted from a motor truck accident. He alleged generally that an auto delivery truck owned by the defendant partnership, while engaged in the firm's business, was so wrongfully, negligently and recklessly driven by a member of the firm that it collided with his son and caused his death. When plaintiff's testimony in chief was concluded the court sustained defendant's motion for a directed verdict. From the judgment rendered thereon plaintiff appealed.

Defendant is a copartnership engaged in the retail grocery business on the south side in Omaha. On February 11, 1916, Charles Hrdlicka, a junior member of the firm, was delivering groceries about town with the truck. On the afternoon of that day plaintiff's decedent was coasting on a sled down a hill in an alley that runs north and south and intersects K street between Twenty-fifth and Twenty-sixth streets. Four or five neighbor children whose ages ranged from 9 to 14 years were coasting with him. When Johnnie's sled reached the bottom of the hill at K street, and had crossed over to the north side of K street, it collided with a rear wheel of defendant's truck. From the injuries that he sustained from the impact he died the following day.

There was testimony tending to show that Hrdlicka knew that the alley in question was used as a coasting place by the children; that he was well acquainted with the neighborhood and had driven daily along K street and

across the alley intersection for many years delivering groceries; that about a week before the accident he said to one of the children who was a witness, respecting the use of the alley for coasting, "that if they were not careful somebody would get hurt." It was admitted that Hrdlicka had lost the use of his left eye and, the sled having approached the truck from the left side, it is argued from this that he should have used more than ordinary care.

The only witnesses of the accident were the four or five children who were coasting. They testified in substance that at the top of the hill Johnnie picked up his sled and running forward threw himself at full length on top of it and coasted down the hill; that Hrdlicka at the time was driving his truck along the north side of K street, and when the sled reached the bottom of the hill it collided with the rear wheel of the truck. One witness testified that the sled struck the rear part of the wheel and veered off to one side, while others testified that it collided with the front part of the rear wheel. It does not appear that the car ran over the boy or his sled. Some of the children who witnessed the accident testified that they did not hear the automobile horn sounded, nor did they see or hear any signal of approach by Hrdlicka as he neared the alley. The hill was shown to be steep and icy, and several houses obstructed the view of the alley from the driver. The mouth of the alley where it runs into K street has banks on each side that are between five and six feet high. That Johnnie's was the fleetest sled on the hill and that he made a rapid descent seems to be fairly established by plaintiff's witnesses.

The evidence does not disclose the speed of the car at the time of the accident. Two witnesses testified that it ran about 12 or 13 yards after the collision. Another said that it ran about five yards, and on the cross-examination he thought it was about two yards. Another, a girl of 16, on the cross-examination testified that the automobile stopped within two yards. Some testified the truck

was going at an ordinary rate of speed and some that it was going rapidly.

The Sund residence is the second house from the alley on the north side of K street. Mrs. Sund, the boy's mother, testified that they lived there 14 years and during that time the hill was used for coasting by the children in the neighborhood; that she could see the hill from her house; that it was "rather a steep hill," and that "in a way" it was dangerous. She further testified: "Q. The momentum or the force gained by coming down this steep hill was such that it would shoot them clear across K street sometimes and beyond K street before they would stop? A. Well, yes; I seen that. * * * Q. And is it not true that it was rather difficult for boys to stop before crossing K street when the ground was covered with snow and it was as it was at that time? A. Well, they did sometimes. Q. And sometimes they couldn't? A. Yes, sir." She testified that after the accident Mr. Hrdlicka carried the boy into her house, and that when she asked him how it happened he replied that he did not know; that he did not see the boy.

Plaintiff argues that the case should have been submitted to the jury under instructions on the question of contributory negligence. In view of the record we think his position is not tenable. The question of contributory or comparative negligence cannot properly be submitted to the jury unless there is evidence to support the charge that defendant has been guilty of negligence. In the present case the evidence shows that the hill was steep, icy and dangerous for coasting, and that the sled descended so rapidly that it was beyond the control of the coaster, and so fast, as one witness testified, that Johnnie could not get off or, as another testified, so fast that he could not be seen. In brief it clearly appears that the sled dashed out so swiftly from between the banks of the alley that the driver of a car running at a moderate rate of speed, in the exercise of such care as an ordinarily prudent person would exercise under like circumstances, could not have

prevented the collison and the consequent tragedy. In view of all the evidence it seems to us that reasonable minds could come to no other conclusion. We are unable to find evidence that will support plaintiff's allegation of negligence. It follows that, there being no triable question of fact to submit to the jury, the court did not err in directing a verdict for defendant.

The judgment is

AFFIRMED.